Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3

# United States Court of Appeals
## For the First Circuit

No. 01-2704

UNITED STATES OF AMERICA,
Appellee,

v.

DAVID JOHNSON,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Torruella, Circuit Judge,

B. Fletcher,[*] Senior Circuit Judge,

and Lipez, Circuit Judge.

Paul M. Glickman for appellant.
Cynthia A. Young, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief, for appellee.

December 20, 2002

---

[*]Hon. Betty B. Fletcher, of the Ninth Circuit, sitting by designation.

B. **FLETCHER**, <u>Senior Circuit Judge</u>.  David Johnson appeals his conviction on three felony counts.  A jury found him guilty of possession of crack cocaine with the intent to distribute, being a felon in possession of a firearm and ammunition, and being a felon in possession of a firearm in furtherance of a drug trafficking crime.  He argues that the trial court should have suppressed evidence obtained from a search of his car, and should not have allowed the prosecution to cross-examine him regarding his prior felony convictions.  Because we find that the search of his car was proper, and that the court's error in allowing him to be cross-examined on his prior convictions was harmless, we affirm.

## I.  <u>FACTS</u>

Appellant Johnson was driving a rental car in a high crime area in Roxbury at 2:30 a.m.  The car stopped for 90 seconds in the middle of a street.  Plainclothes officers Lewis and Streat waited behind it in an unmarked car for about 60 seconds.  The officers testified that the car's dome lights were on, and that both occupants were using cell phones.  Johnson's car continued down the street and turned into a narrow private driveway, where it stopped.  Its motor was running, its brake lights were on, and both occupants were talking on cell phones.  The parties dispute whether Johnson's door was open or closed at this time.

The officers approached the vehicle on foot to conduct a "Field Interrogation Observation Report" ("FIO") -- a threshold

inquiry to see if there was some problem, otherwise referred to as a <u>Terry</u> stop. They had made many arrests in the area, and because a car parked in the middle of a street was unusual, they sought to question the occupants to ensure that everything was all right. The officers testified that they typically conducted an FIO when stopping an individual or a car in a high crime area. Unknown to the officers, the driveway led to the residence of Johnson's passenger, Calhoun. No obstacles blocked the officers' access to the driveway, and they entered it.

Officer Lewis stood behind the driver's side of the car for 30 to 45 seconds, before Johnson saw him. Lewis identified himself as an officer and asked for Johnson's license and registration. The beam of his flashlight then illuminated a bundle of bags of crack cocaine in the map compartment of Johnson's door. Lewis testified that after he ordered Johnson out of the car, Johnson turned off the ignition and transferred the keys to his left hand. As Johnson tried to reach under the driver's seat with his right hand, Lewis pulled him away. A handgun was later found under the seat. Johnson claimed that he had merely been putting away his wallet. Johnson reached further under the seat, and Lewis pulled him out of the car. A struggle ensued as Lewis tried to keep Johnson from reentering the car. Calhoun, the car's passenger, exited the car, entered the yard, and unleashed a pit bull on Officer Streat. Streat held the dog at bay at gunpoint

until Calhoun returned it to the yard, and then Streat and Calhoun struggled as well. These struggles ended only when backup units arrived.

At trial, over Johnson's timely and renewed objections, the government cross-examined Johnson about at least five of his prior drug-related convictions. Before taking the stand, Johnson moved in limine to suppress this evidence, and the trial judge stated that he would let the prosecution use "whatever should come in under the rule." He required the prosecution to provide a list of the convictions it intended to use along with citations authorizing their admissibility to help him rule as to whether they did address credibility. He noted that he always went back and looked at Rule 609 due to its number of layers. When Johnson again moved to suppress this evidence prior to his taking the stand, the trial judge demurred, saying that the prosecutor had done "just what I asked him to, be specific about what was going to be offered." When Johnson once more moved to suppress just prior to his cross-examination, the trial judge accepted the prosecutor's advice that Rule 609 did not require him to find explicitly on the record that the probative value of the evidence exceeded its prejudicial effect, but that he could do so implicitly. He then cut short Johnson's objections, ruling "Okay, I think I understand and I am going to let them in." Johnson was sentenced to 262 months in jail on the first two counts, with a 60 month sentence

-4-

for the third count to be served consecutively.

## II.  **LEGAL ANALYSIS**

### A.  **Jurisdiction**

This court has jurisdiction pursuant to 28 U.S.C. § 1291.

### B. **Motion to Suppress Evidence from Search**

#### 1.  **Standard of review**

Factual findings underlying a district court's denial of a motion to suppress evidence are reviewed for clear error, and its determinations of law are reviewed de novo.  U.S. v. Marenghi, 109 F.3d 28, 31 (1st Cir. 1997).

#### 2.  **Merits of the motion to suppress**

The officers did not know that the driveway where the car stood led to Calhoun's residence.  Further, the car was clearly not within the residence's curtilage.  In light of the stop in the middle of the street late at night, the officers had a reasonable and articulable basis to conduct a Terry stop. While Johnson asserts that the officers had no right to leave the public street and enter a driveway to do so, if a reasonable expectation of privacy could be asserted here, it would belong only to Calhoun, who resided at the property.  See Minnesota v. Carter, 525 U.S. 83, 88-91 (1998).  Johnson had no standing to claim a privacy interest.

The trial court found that Johnson's car door was open when Officer Lewis approached the car, and that this allowed Lewis

-5-

to see the bags of crack cocaine in the pocket of the car door. This finding was not clear error. Upon his seeing the bags, Lewis had probable cause to arrest Johnson, and then to search the car, where the officers found the gun. The bags of crack cocaine and the gun, therefore, are not subject to suppression.

## C. **Motion to Suppress Evidence of Prior Felony Convictions**

### 1. **Standard of review**

We review whether the probative value of a prior conviction outweighs its prejudicial effect for abuse of discretion. United States v. Tracy, 36 F.3d 187, 193 (1st Cir. 1994).

### 2. **Violation of Fed. R. Evid. 609(a)(1)**

Johnson asserts that the court violated Federal Rule of Evidence 609 by admitting evidence about his prior convictions of felonies despite his offer to stipulate to the fact of felony status. He relies on Old Chief v. United States, 519 U.S. 172, 191 (1997). Assuming arguendo that this argument has merit, we hold that any erroneous admission of evidence was harmless. "[A] nonconstitutional evidentiary issue will be treated as harmless if it is highly probable that the evidence did not contribute to the verdict." United States v. Shea, 159 F.3d 37, 40 (1st Cir. 1998) (quoting United States v. Rose, 104 F.3d 1408, 1414 (1st Cir. 1997)). Here, Officer Lewis's testimony was straightforward, believable, and damning. Johnson's testimony -- that he didn't

know that the drugs and gun were in the car, that he kept slipping when still in the car and did not intend to reach for the gun or fight Officer Lewis -- was not credible.  Had the trial judge ruled optimally, the jury would still have known that Johnson had been convicted of several felonies, but not the nature of those felonies.  At best, from Johnson's perspective, jurors would have known that he had been convicted of a felony.  Given the other evidence, we cannot say that the jury was appreciably less likely to have acquitted Johnson had it not known the nature of his prior convictions.

## III.  <u>CONCLUSION</u>

The trial court correctly admitted evidence obtained from the search of Johnson's car.  The officers had a reasonable and articulable suspicion to warrant their approaching the car in the driveway, and probable cause for arrest once they viewed the bags of crack cocaine in the car's open door.  Even though the trial court may have erred in allowing cross-examination on Johnson's prior felony convictions, any trial court error was harmless given the overwhelming evidence against Johnson.  Accordingly, we affirm appellant Johnson's convictions on both charges.